FILED
SUPERIOR COURT
OF GUAM

2025 JAN 28 PM 2: 15

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MICHAEL F. PHILLIPS AND THE LAW OFFICES OF PHILLIPS & BORDALLO, P.C., | **CIVIL CASE NO. CV0304-23** |
| Plaintiffs, | **DECISION AND ORDER DENYING MOTION TO DISMISS** |
| vs. | |
| GOVERNMENT OF GUAM, and DOES 1-10, | |
| Defendants. | |

Defendant Government of Guam moves to dismiss two breach of contract claims by Plaintiffs Michael F. Phillips and the Law Offices of Phillips & Bordallo, P.C. Phillips seeks compensation for legal services rendered on behalf of the Government, but the Government contends the alleged contracts lack adherence to Guam's procurement laws. Furthermore, the Government argues that Phillips cannot utilize the doctrine of equitable estoppel to preclude the Government's procurement law defenses or promissory estoppel to obtain a recovery. Upon review of the pleadings and arguments, the Court finds that Phillips has pled sufficient information to survive the dismissal of this case.

## I.    FACTUAL ALLEGATIONS

Phillips represented the Government in both *Guam, Guam Election Commission, et al. v. Arnold Davis* ("*Davis*") and *United States of America v. Chamorro Land Trust Commission, et al.* ("*CLTC*"). In these cases, Phillips states that he was duly retained, had agreements regarding

ORIGINAL

his compensation, and ultimately was not paid. The following recites background facts presented in Phillips' Complaint. Compl. (May 1, 2023).

### A. *Guam, Guam Election Commission, et al. v. Arnold Davis*, 140 S.Ct. 2739

Phillips alleges that on October 21, 2019, Governor Lourdes Leon Guerrero called him to represent the people of Guam before the United States Supreme Court. *Id.* ¶ 10. Governor Leon Guerrero texted him: "mike please call me ASAP. Need to hire you for our Chamorro people. This is governor lou." *Id.*, Ex. 1. They then agreed over the phone for Phillips to serve as Guam's attorney in *Davis*. *Id.* ¶ 11.

After the phone call, Governor Leon Guerrero memorialized her oral agreement with Phillips:

> As we discussed on Monday afternoon on the phone, I am so glad that you have agreed to represent Guam in its appeal of the decision rendered in *Davis v. Guam, et al.* at the Ninth Circuit Court of Appeals. Your willingness to advance this cause to the United States Supreme Court is a testament to the dedication you have displayed over a lifetime in service to our community.

*Id.* ¶ 34, Ex. 6. She also published a Special Address, announcing Phillips as the new legal counsel in the case and indicating that she would ask the Attorney General for an official appointment. *Id.* ¶ 12.

Then-AG Leevin Camacho issued a press release confirming that Governor Leon Guerrero hired Phillips to handle the proceedings in the nation's highest court. *Id.* ¶ 39, Ex. 8. The press release further stated: "A designation from the OAG is not needed for attorney Phillips to move the case forward. The OAG has promptly responded to attorney Phillips' request for documents. The OAG has and will continue to facilitate the transition of the case." *Id.* In line with the AG's press release, Deputy AG James Canto began sharing the extensive case files with Phillips. *Id.* ¶ 31, Ex. 3.

ORIGINAL

The case Phillips inherited faced a procedural dilemma as the deadline to file a Petition for Writ of Certiorari had expired. *Id.* ¶ 28. Phillips commenced work immediately and, on October 28, 2019, applied for an extension to file a Petition for Writ of Certiorari before the U.S. Supreme Court. *Id.* ¶ 45. On November 6, 2019, Justice Elena Kagan granted the requested extension, which meant that the Government preserved its right to present its arguments before the U.S. Supreme Court. *Id.* ¶ 49. When Phillips advised the Governor about this development, "the Governor offered and Attorney Phillips accepted that Governor Leon Guerrero will pay Attorney Phillips the flat fee amount of" $25,000.00 for all work performed or to be performed by Attorney Phillips." *Id.* ¶ 50. As Phillips concentrated his efforts to prepare the Petition for Writ of Certiorari, Governor Leon Guerrero informed Attorney Phillips "it is prudent you continue this important work. I am appointing you as Special Counsel to represent Guam . . ." *Id.*, Ex. 15.

However, after Phillips already obtained the extension from the U.S. Supreme Court and began work on the Petition—for which he expected compensation—Governor Leon Guerrero's legal counsel informed him that the Government "worked to determine a legal way to meet your compensation requests. However, due to the short turn-around and our previous reliance on your offer to represent the government on a *pro bono* basis, we have been unable to find a method that would be consistent with procurement law." *Id.* ¶ 59, Ex. 16. The letter then informs Phillips that the Governor intended to use another law firm to represent Guam.[1]

Phillips has asked to be compensated and has received assurances of payment, but he has not been paid. *Id.* ¶¶ 61-2, 68. Phillips filed a Government Claim, which the Office of the

---

[1] The U.S. Supreme Court denied the Petition for Writ of Certiorari filed by the replacement firm. *Id.*, ¶ 60.

ORIGINAL

Attorney General denied. *Id.* ¶¶ 65, 69.

### B. *United States of America v. Chamorro Land Trust Commission, et al.,* D. Guam Civ. Case No. 17-00113

Phillips' second claim for relief concerns the work provided on *CLTC*. He states that former Governor Eddie Baza Calvo utilized his legal authority to hire Phillips. *Id.* ¶ 4. Governor Calvo, then AG Elizabeth Barrett-Anderson, Senator Therese Terlaje (then Chair of the Legislative Committee responsible for the CLTC), and G. Pika Fejeran (then Chair of the CLTC), met and decided to retain Phillips' services. *Id.* ¶ 98.

On October 31, 2017, AG Barrett-Anderson issued an Appointment of Special Assistant Attorney General designating Phillips as the legal representative for the CLTC. *Id.* ¶ 103, Ex. 24. On the same day, AG Barrett-Anderson sent Phillips the Conditions of Temporary Special Assistant Attorney General Appointment Contract, which he signed. *Id.* ¶¶ 104-5, Ex. 25. The Government capped fees at $100,000, which Phillips accepted. *Id.* ¶ 106. For the next three years, Phillips worked under the direction of the Governor, the Chair of the CLTC, and the AG. *Id.* ¶¶ 108-9.

Upon conclusion of his work, Phillips invoiced the Government $78,030.00, which went unpaid. *Id.* ¶¶ 107, 111, 113, 124. Phillips filed a Government Claim, which has been denied. *Id.* ¶¶ 116, 117, Ex. 33.

## II.    <u>LAW AND ANALYSIS</u>

The Government moves for dismissal under Guam Rule of Civil Procedure 12(b)(1) and (6). For motions brought under Rule 12(b)(6), the Court accepts well-pleaded facts as true, construes the pleadings in a light favorable to the plaintiff, and resolves all doubts in the non-movant's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. As for Rule 12(b)(1), which governs motions to dismiss due to jurisdictional reasons, the Government does not offer a standard to

view the allegations. Thus, the Court applies the general federal standard that a Rule 12(b)(1) motion should be granted if it appears certain that the plaintiff cannot prove any set of facts entitling him to relief. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

The Government seeks dismissal for both of Phillips' claims because, even if Phillips' allegations are true, proper procurement procedures were not followed, amounting to a lack of waiver of sovereign immunity. In response, Phillips states that there has been a waiver, and moreover, the doctrine of equitable estoppel applies because the Governor and the Government of Guam have retained and compensated Phillips, as well as other local law firms and attorneys, in the past under identical circumstances. Finally, the Government seeks dismissal of Phillips' attempt for recovery under a promissory estoppel theory. The Court examines these arguments relative to sovereign immunity, procurement law, equitable estoppel, and promissory estoppel.

## A. The Government has waived sovereign immunity.

Guam's courts lack jurisdiction to hear claims against the Government unless the Government waives sovereign immunity. *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 2. Procurement laws and the Government Claims Act contain such waivers. For example, Guam's procurement laws grant

> the Superior Court of Guam . . . jurisdiction over actions between Guam and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 GCA § 5480. Phillips' action here asks the Court to take on that very task—that is, to determine if the contract he entered is in accordance with Guam law. Accordingly, sovereign immunity has been waived for the Court to determine this issue and the appropriate relief.



Further, under the Government Claims Act, the Government waives immunity from suit for "all expenses incurred in reliance upon a contract to which the Government of Guam is a party." 5 GCA § 6105. To the extent Phillips alleges sufficient facts to establish a contract between himself and the Government (which the Court herein determines he has), a sufficient waiver of sovereign immunity exists such that the Court has jurisdiction.

## B. The application of Guam Procurement Law does not bar Phillips' recovery at this stage.

The Government must follow the Guam Procurement Law when hiring lawyers. 5 GCA § 5121(a). The Government raises several aspects that show that the Guam procurement law was not followed, such as no AG consent; the services solicited do not qualify for sole source procurement; and the agreements are "impossible" because they are not in compliance with Guam procurement laws and not in writing. The Court examines each of these objections.

First, section 5121(b) states that the AG must approve any contract for the Executive Branch seeking legal services. When working on *CLTC*, Phillips received an Appointment of Special Assistant Attorney General, signed by AG Barrett-Anderson. When viewed in a light favorable to Phillips, the Appointment of Special Assistant General demonstrates AG consent. As a further indication of AG consent, the AG's Office prepared the document "Conditions of Temporary Special Assistant Attorney General Appointment," which Phillips signed to cement his representation of the CLTC.

Additionally, when working on *Davis*, AG Camacho issued a press release announcing that Governor Leon Guerrero had hired Phillips to handle the appeal, stated that an official designation from the Office of the Attorney General was not needed, and provided necessary files to Phillips. This, similarly, reasonably indicates Phillips has stated a claim showing the AG consented to hire Phillips.

ORIGINAL

Second, for sole source procurements, there must only be one source for the required service, and there must be a package explaining the description of the service and contract conditions. 5 GCA § 5214(a)(1). When viewed in a light favorable to Phillips and from his perspective, the contracts at issue could qualify as sole source procurements. Both times, when Phillips was contacted, he was presented with a description of the needs of the work, the desired outcomes, deadlines, and payment information. Phillips details in his Complaint that he was sought out to represent the Government because of his "history of participating in cases with similar causes and constitutional questions" and that they "required an attorney with the experience and expertise possessed by Attorney Phillips." Compl. ¶¶ 6, 97. The Court considers Phillips' unique expertise and background in this area of law, combined with the fact that *Davis* required an attorney with immediate availability to meet tight deadlines, and sees that his work could be a service with arguably no comparable competition.

For the purposes of the present motion, the issues of AG consent and sole source procurement are analyzed from Phillips' perspective, as is required when the Court reviews a Rule 12(b) motion. But the Court is cognizant that under the Government's perspective, other large pieces of the procurement puzzle are missing—things that the Government, and not Phillips, had control over. Beyond AG consent, that includes issuing a Request for Proposals for competitive services. 5 GCA § 5216. For sole source procurement, the Government must prepare a written report detailing the analysis of the Government's needs, detail findings from market research, and certify a conclusion that there are no other available sources. 5 GCA § 5214(c). The Government contends that if it does not do its part in completing a procurement, Phillips cannot recover.


ORIGINAL

At this point in the litigation, however, dismissal still remains inappropriate. As another court has determined, government contracts that do not strictly abide by procurement laws could be implied-in-fact contracts. Then-Judge Katherine A. Maraman reached this conclusion in *A.B. Won Pat Guam Int'l Airport Authority v. Gerald P. Yingling and Gawon Exhibition and Theme Park Co., Ltd..* CV0677-03 (Order (Sept. 25, 2009)). The issue was whether GIAA could be responsible for paying for services rendered without a written contract because the contractor relied on past payment methods. The court found that the GIAA Executive Manager had the authority to bind the GIAA, and thus, "it is possible that there was mutual intent to contract, offer, acceptance, consideration and actual authority to bind the government." *Id.* at 22. She also noted that section 5452(a) allows a contract in violation of law to be "ratified and affirmed, providing it is determined that doing so is in the best interests of Guam." 5 GCA § 5452(a)(1)(A) (cited in *A.B. Won Pat Guam Int' Airport Auth.,* CV0677-03 (Order at 22-23)). The court found this sufficient to preclude summary judgment and allow the subcontractor to present this issue at a trial.

Similarly, the Court believes that at this stage, Phillips has presented information that indicates a contract could have been formed and that the Governors in both claims may have had the authority to bind the Government of Guam. This is sufficient for Phillips' claims to survive the Government's Motion to Dismiss.

## C. Equitable Estoppel may apply.

Phillips' Complaint references the doctrine of equitable estoppel. He clarifies, however, that he is not asserting the doctrine as an independent claim. Instead, he says the doctrine should be applied to prevent the Government from arguing that no contract existed.

ORIGINAL

Equitable estoppel is "the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he would otherwise have had." *Mobil Oil Guam, Inc., v. Young Ha Lee*, 2004 Guam 9 ¶ 24 (citing *Heskett v. Paulig*, 722 N.E.2d 142, 145-146 (Ohio Ct. App. 1999)). Guam codified this doctrine in 6 GCA § 5106(3), which states there is a conclusive presumption "whenever a party has, by his own declaration, act or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief he cannot, in any litigation arising out of such declaration, act or omission be permitted to falsify it." *Id.* As the Guam Supreme Court has held, equitable estoppel is available only as a shield or defense: "it does not of itself create a new right, impose an obligation, or give rise to a cause or action; rather, it serves to prevent losses otherwise inescapable, to prevent an unjust result, and to preserve rights already acquired." *Story-Bernardo v. Gov't of Guam*, 2023 Guam 27 ¶ 38.

There are four elements of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and (4) he must rely upon the conduct to his injury. *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 61.

Phillips' allegations meet these elements. First, the Government was aware of and involved in all of the relevant facts for both legal services arrangements: the Government reached out to Phillips, gave him the legal files, and then had the power to complete the procurements.

ORIGINAL

Second, the Government intended Phillips to represent the Territory. Phillips alleges the Government publicly announced that he would be working on these cases, provided him with resources and assurances of payment, and sent documents enshrining the existence of their agreement. These actions illustrate an intention and inducement for Phillips to provide his services.

Also, other facts support Phillips' arguments about the Government's intent. Phillips alleges that he has previously been solicited in the same manner to provide legal services for the Governor and the Government and has been compensated for this work. Compl. ¶ 132. He further states that it is well known the Government used this process to obtain legal services from other local firms and attorneys. *Id.* Because of a history of prior dealings between these parties that resulted in compensation, it is not unreasonable for Phillips to believe the Government intended for him to act upon their agreements.

Further, the Guam Supreme Court recently stated that "when the Governor determines that it is necessary for her to act lest the law go unenforced—whether based on the actions or inactions of the Attorney General—she may act." *In Re: Request of Lourdes A. Leon Guerrero,* 2024 Guam 18 ¶ 78.[2] "[T]he Government of Guam cannot be left without representation. . . . Thus, we recognize the authority of the Governor to appoint counsel for an agency where the Attorney General has explicitly 'refuse[d] to act, is incapable of acting, or is unavailable for

---

[2] In its June 17, 2024 Notice of Continued Hearing, the Court advised the parties that *In Re: Request of Lourdes A. Leon Guerrero,* CRQ24-001, likely impacted the Court's analysis on the motion to dismiss. When CRQ24-001 was resolved, this Court offered the parties an opportunity to brief the pertinent issues. Order (Aug. 6, 2024). Neither party submitted supplemental briefs. However, on November 20, 2024, Phillips asked the Court to consider CRQ24-001, and the Government opposed that request. As originally stated, the Court has found CRQ24-001, which resulted in the issuance of 2024 Guam 18, pertinent to this case. It is unclear why Phillips did not avail of the Court's original offer to discuss this matter. In any event, the Court finds Phillips' motion to consider CRQ24-001 to be moot.

ORIGINAL

some other reason.'" *Id.* ¶ 72. Given that the Governor has the ability to directly hire representation for the Government under certain circumstances, it is reasonable for Phillips to believe the Governors here had the authority to execute these agreements and bind the Government.

Third, Phillips has pled he would not have acted in both cases had he known that the Government would not compensate him for his services. Thus Phillips alleges he was sufficiently ignorant of the true state of the facts.

Fourth, because of Phillips' reliance on the Government's conduct, he was injured and incurred financial damages for providing unpaid legal services as well as foregoing opportunities for paid work. Accordingly, the Court finds that Phillips has presented sufficient assertions to meet the elements of equitable estoppel.

While the Court finds that Phillips' allegations meet the four elements of equitable estoppel, the present case may demand a deeper analysis. The equitable estoppel framework submitted by the parties may be incomplete, as the doctrine applies differently when a government entity is involved. In federal cases, for example, the "federal government may not be estopped on the same terms as other litigants." *Rider v. U.S. Postal Serv.*, 862 F.2d 239, 240 (9th Cir. 1988). When examining whether and how equitable estoppel can be used against the government, the U.S. Supreme Court has developed a test examining a government official's "affirmative misconduct." *See Montana v. Kennedy*, 366 U.S. 308 (1961); *INS v. Hibi*, 414 U.S. 5 (1973); *Schweiker v. Hansen*, 450 U.S. 785 (1981); *see also Heckler v. Cmty. Health Servs., Inc.*, 467 U.S. 51 (1984). Lower courts interpret these decisions to mean that to successfully use equitable estoppel against the government, the proponent of equitable estoppel must first illustrate that the government engaged in affirmative misconduct and separately must meet the

ORIGINAL

elements of equitable estoppel. *See Bartlett v. U.S. Dep't of Agriculture*, 716 F.3d 464, 475 (8th Cir. 2013) (citing *Charleston Hous. Auth. v. U.S. Dep't of Agriculture*, 419 F.3d 729, 739 (8th Cir. 2005) ("to succeed on a claim of equitable estoppel against the government, a plaintiff must not only prove all the elements of equitable estoppel, but also that the government committed affirmative misconduct")). Also, the Ninth Circuit adds an additional prong to this test: "estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by the imposition of the liability." *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989).

While the Guam Supreme Court has analyzed equitable estoppel cases involving the government, it has not referenced, specifically adopted, or even rejected, this framework established by federal courts. However, the Guam Supreme Court applied equitable estoppel against a government entity, noting with approval the following language from an Appellate Division decision: "we are aware that extreme caution must be exercised in applying the doctrine of equitable estoppel against a sovereign." *Limtiaco v. Guam Fire Dep't*, 2007 Guam 10 ¶ 63 (citing *Mariano v. Guam Civil Serv. Comm'n*, No. CV-81-0052A, 1983 WL 30227). "A court must employ a balancing test to determine whether the injustice to the private party will far outweigh the public interest to be protected." *Id.*

Given that, at the very least, this Court should engage in a further balancing analysis and potentially examine affirmative misconduct by government officials, dismissal without engaging these points appears inappropriate.

### D. Promissory Estoppel has been adequately pled.

Lastly, the Government moves to dismiss Phillips' promissory estoppel claims on the

ORIGINAL

grounds that Phillips cannot prove reasonable reliance.[3] *Quijano v. Atkins Kroll, Inc.*, 2008 Guam 14 ¶ 3 n.3 (recognizing detrimental reliance as an element of promissory estoppel). According to the Government, Phillips should have known better:  based on his knowledge of procurement law requirements to form a proper government contract, he knew or should have known that none had been formed. However, looking at the Complaint in a light favorable to Phillips, the Court finds he has adequately pled that his reliance on assurances of payment was reasonable because of the source of such assurances (i.e., Governors and Attorneys General).

In its Reply, the Government further argues that by enacting procurement laws, the Legislature has displaced quantum meruit and unjust enrichment remedies with statutory ones. As this argument was raised in a Reply rather than the motion itself, the Court finds it has not been properly presented.

Finally, like the issue of equitable estoppel, it is uncertain if all considerations surrounding promissory estoppel have been briefed.  For example, in other jurisdictions, when applied to the government, a promissory estoppel analysis involves questions of public policy and injustice, *see Kajima/Ray Wilson v. Los Angeles Cty. Metro. Transp Auth.*, 96 Cal. Rptr. 2d 747 (Cal. 2000), extraordinary circumstances, *Matthews v. Chicago Transit Auth.*, 51 N.E.3d 753, 780 (Ill. 2016), or ultra vires conduct, *Pilot Oil Corp. v. Ohio Dep't of Transp.*, 656 N.E.2d 1379, 1382 (Ohio App. 1995).  In arguments presented thus far in this case, it is unclear whether any of these additional criteria apply in Guam.  The Court finds it proper to defer a decision on promissory estoppel until a fuller picture of the requisite analysis is provided.

---

[3] The Complaint contains no specifically designated "promissory estoppel" or "quantum meruit" claims.  However, the Court finds they have been adequately pled under the liberal notice standards of Guam Rule of Civil Procedure 8.

ORIGINAL

## III.    CONCLUSION AND ORDER

Taking all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Phillips, the Court finds Phillips has presented sufficient information to survive the pleadings stage. The Government's Motion to Dismiss is therefore DENIED. A trial schedule shall reissue.

**SO ORDERED, 28 January 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL